**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-90-00245-001-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| Gildardo Mendoza-Zapien, | |
| Defendant. | |

Pending before the Court is Defendant's Motion Requesting an Order of Expungement (Doc. 49). The Government did not respond to the Motion. The Motion does not challenge the validity or constitutionality of Defendant's conviction but instead asks the Court to rest its decision on equitable grounds.[1] For the following reasons, the Court declines to do so.

Defendant bears the burden of establishing the Court's jurisdiction to expunge the record of a valid arrest and conviction on equitable grounds. *See United States v. Kokkonen*, 511 U.S. 375, 377 (1994); *see also United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

---

[1] For this analysis, the Court will assume there was a valid arrest and conviction because Defendant does not argue otherwise.

Since no federal expungement statute exists, the only legal basis to give this Court jurisdiction to adjudicate Defendant's Motion is the doctrine of ancillary jurisdiction. *See Sumner*, 226 F.3d at 1014. "Ancillary jurisdiction is the power of a court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction over a cause under review." *Id.* The Ninth Circuit has held district courts do not possess ancillary jurisdiction to expunge criminal records of a valid arrest and conviction solely based on equity. *Id.*

Here, the conviction was lawful and constitutional. The equitable grounds Defendant raised in his Motion cannot satisfy his burden to establish jurisdiction. Therefore, this Court does not have jurisdiction to grant expungement in this case.

Accordingly,

**IT IS ORDERED** Defendant's Motion (Doc. 49) is **DENIED**.

Dated this 4th day of October, 2023.

Honorable Scott H. Rash
United States District Judge